FILED
October 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003007729

JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

**BENJAMIN AND CHRISTINA OLAYVAR**

Debtor(s).

Case No: 10-11353-B-7

Chapter 7

DC No. JMV-2

**APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY**

Date: November 4, 2010
Time: 10:00 a.m.
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: W. Richard Lee

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY COURT JUDGE:

I. INTRODUCTION

The Trustee moves the Court for authority to sell real property in Delano, California, owned by Benjamin and Christina Olayvar ("Debtors"). The Trustee listed the property for sale for $16,119.00. The Trustee received an all cash offer of $14,000.00 and has accepted it pending court approval. The sale is expected to yield $14,000.00 for distribution by the Trustee.

//

## II. JURISDICTION AND AUTHORITY

The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This Is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

A Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 363 (b)(1). In determining whether to a sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment."

## III. FACTUAL BACKGROUND

Jeffrey M. Vetter is the Trustee in the Chapter 7 case. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 11, 2010.

**The Property.** The property is Kern County Assessors Parcel Number 52007001 ("the Real Property"). The Real Property is community property of Debtors' Benjamin and Christina Olayvar.

**Proposed sales price and terms.** The sale will yield $14,000.00 for distribution by the estate based on the Trustee's agreement with Carlos Acuna and Julian Nevarez ("Buyers") to purchase the Real Property for $14,000.00. The Trustee believes $14,000.00 represents the fair market value of the property and the best price obtainable under the conditions of Debtors' Chapter 7 case.

The Trustee and Buyer executed and entered into a *California Vacant Land Purchase Agreement and Joint Escrow Instructions*. An executed copy of the Contract is filed with the *Exhibits in Support of Application for Order Authorizing Trustee to Sell Real Property*, concurrently herewith.

**Liens, encumbrances, and exemptions.** According to Debtors' amended Schedules of Assets and Liabilities, the Real Property is unencumbered. Debtor did not claim an exemption regarding the Real Property according to the amended schedules. Neither Debtor resides at the Real Property.

**Broker Commission.** The Trustee obtained authority for Miramar Real Estate to market the Real Property by *Order Authorizing the Employment of Real Estate Broker* filed July 12, 2010. Under the Order, subject to further Court approval, Miramar Real Estate Group would receive a commission of up to 6% of the purchase price upon consummation of a sale of the Real Property. Here, Miramar Real Estate Group is the listing agent and San Joaquin Realty is the buyer's agent. The Trustee request authority to pay Miramar Real Estate Group 3% in commissions and San Joaquin Realty 3% in commissions. Miramar Real Estate Group has marketed the Real Property since July 2010.

**Benefit to the Estate.** The Trustee believes that the sale of the Real Property to Buyer is in the best interest of the estate because it will yield funds to be distributed to creditors. The Trustee's belief is based on the following calculation:

| | |
|---|---:|
| Offer: | $14,000.00 |
| Debtor's Exemption: | $ 0.00 |
| Approximate Cost of Sale | $ 840.00 |
| **Approximate Amount to be Paid to Estate:** | **$13,160.00** |

In his business judgment, the Trustee believes that sale of the Real Property under the terms described in this Application is in the best interest of the estate. The sale allows him to liquidate a significant asset of the estate, and to move forward with the administration of the estate.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The trustee accepted an offer to purchase the Real Property based on the facts of Debtors' case. The sale, if approved, will result in approximately $13,160.00 being made available to pay claims. The sale is subject to higher and better bids at the time of the hearing. The Trustee represents that the sale is an appropriate exercise of his business judgment and requests court approval.

//
//
//

WHEREFORE, Trustee prays that:

1. the Application be granted;

2. he be authorized to sell the Real Property to Buyer for $14,000.00;

3. he be authorized to pay from escrow (a) closing costs and (b) broker commissions based on the final sales price;

4. he be authorized to execute all documents necessary to effectuate the sale of the Real Property to Buyer;

5. the 10 day stay of order imposed by rule 6004 (h) Federal Rules of Bankruptcy Procedure, be waived and not applicable to the order; and

6. for such other relief as the court determines is just and proper.

Dated: October 6, 2010              JEFFREY M. VETTER

By _____

Jeffrey M. Vetter, Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com